UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON PARISCOFF, et al., | : | CASE NO. 2:11-cv-0258 |
| | : | |
| Plaintiffs, | : | Judge Graham |
| | : | |
| vs. | : | Magistrate Judge Abel |
| | : | |
| JPMORGAN CHASE BANK, N.A., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## STIPULATED PROTECTIVE ORDER

Upon stipulation of all parties and for good cause shown, IT IS HEREBY ORDERED THAT:

1. "Confidential Information" shall mean any information, whether oral or written, produced during the course of discovery by a party or non-party subpoenaed in connection with this action (the "Producing Party") that the Producing Party or any party to this action reasonably and in good faith believes would disclose confidential, proprietary, or personal information.  Either before or after production, or after the party to whom production is made (the "Receiving Party") has inspected the documents produced for inspection and copying and has made an election as to the documents which that party will copy for retention, the Producing Party shall designate Confidential Information as "Confidential" or "Confidential: Subject to Protective Order."  Documents produced in this action may be designated by any party or parties by marking each page of the document in this manner.  Documents unintentionally produced or produced prior to the date of this Order without such designation may be retroactively designated as Confidential Information by written notice of the Producing Party and shall be treated as Confidential Information from the date of such notice.

3830290v1

2. All Confidential Information produced or exchanged in the course of this litigation shall be treated as strictly confidential and shall be used solely for the purpose of preparation, trial, or any appeal of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person or used for any purpose except in accordance with the terms of this Order.

3. All Confidential Information shall be maintained under strict confidence by trial counsel for the parties and shall not be disclosed or made available by the Receiving Party to persons other than "Qualified Persons." Qualified Persons as used herein means:

(a) members or employees of trial counsel's firm who are engaged in the preparation for any hearing or trial in this action;

(b) court reporters in the performance of their official duties;

(c) this Court, including Court personnel;

(d) expert witnesses or consultants retained solely for purposes of this litigation;

(e) the parties, including current employees, officers and directors of the corporate defendants;

(f) a witness, if that witness was sent or a party to the document, in order to refresh his/her memory;

(g) court-appointed or private mediators;

(h) members of the jury at trial for publication; and

(i) any other person upon the prior written consent of the Producing Party or upon order by the Court.

4. The parties may designate certain Confidential Information as "Confidential Attorneys' Eyes Only" when such material constitutes or reveals a trade secret or other confidential research, development, or proprietary business information, and that such material is entitled to a higher level of protection than that accorded to materials designated as "Confidential." Documents containing "Confidential — Attorneys' Eyes Only"

information within the context of this Order shall mean any document that bears the legend (or which otherwise shall have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "Confidential — Attorneys' Eyes Only" to signify that it contains information that a party's trial counsel believes should be subject to protection under this Agreement. Documents marked "Confidential – Attorneys' Eyes Only" shall be marked and treated in the same manner as documents marked "Confidential" as provided in paragraph 1.

5. All "Confidential — Attorneys' Eyes Only" information produced during discovery shall be maintained in strict confidence by trial counsel in this lawsuit and shall be disclosed only to:

    (a) members or employees of trial counsel's firm who are engaged in the preparation for any hearing or trial in this action;

    (b) court reporters in the performance of their official duties;

    (c) this Court, including Court personnel;

    (d) expert witnesses or consultants retained solely for purposes of this litigation provided that such witnesses or consultants are not otherwise affiliated with or employed by a party;

    (e) a witness, if that witness was sent or a party to the document, in order to refresh his/her memory; and

    (f) court-appointed or private mediators;

    (g) members of the jury at trial for publication; and

    (h) any other person upon the prior written consent of the Producing Party or upon order by the Court.

6. Other than those persons identified in paragraphs 3(a)-(c), 3(e), 3(h) and 5(a)-(c) 5(h), any person to whom Confidential Information is disclosed shall, prior to disclosure, be required by the disclosing party to read this Order and agree in writing to be bound by its terms and conditions and to subject himself or herself to the jurisdiction of this Court for the

purpose of contempt proceedings if he/she violates this Order.  Such person shall execute an acknowledgment in the form attached to this Order as Exhibit A, prior to being given access to Confidential Information.  Counsel for the party disclosing the Confidential Information shall maintain these written certifications, and they shall be made available to opposing counsel at any time upon request.  The provisions of this paragraph shall survive final termination of this action.

7. As used in this Order, "trial counsel" refers exclusively to counsel who have entered an appearance in this action on behalf of one or more of the parties.

8. Nothing in this Order shall prevent a party from using at trial, hearing, during a deposition, or in connection with briefs or other papers filed with the Court, any Confidential Information, except that any such use shall not expand the persons to whom Confidential Information may be disclosed pursuant to this Order.  In the event a party wishes to use Confidential Information in any papers filed with the Court or files deposition transcripts containing Confidential Information with the Court, the party shall file a motion for leave to file such papers and transcripts under seal with the Court in accordance with the local rules of Court.

If Confidential Information is used during a deposition, that portion of the deposition will be conducted without the presence of any person or party, except the witness, not eligible to receive a disclosure of the information, and the transcript will be marked pursuant to this Order. Prior to the use of Confidential Information at trial or a hearing, the parties will discuss with the Court appropriate procedures to prevent disclosure of Confidential Information. Confidential Information shall not become a part of the public record except upon the written consent of the Producing Party or unless permitted by this Court, after the Producing Party has had an opportunity to present its arguments regarding confidentiality to the Court.

9. <u>Depositions</u>.

(a) Documents containing Confidential Information may be used by any party at any deposition in this action provided that the terms of this Order, including the restrictions on who may have access to such information, as set forth in paragraphs 2 and 3, shall apply.

(b) Oral deposition testimony may be designated as Confidential Information by making an appropriate statement on the record at the time of the deposition. Any party may also designate information disclosed at a deposition as Confidential Information by identifying, within thirty (30) days following receipt by counsel of a copy of the transcript, the specific pages and lines of the transcript that are so designated and notifying the other parties in writing of such designation. Irrespective of whether any designation is made at the time a deposition is taken, the entire transcript of each such deposition shall be treated as Confidential Information during the thirty (30)-day period. Unless otherwise designated as specified in this Order, the transcript shall not be treated as Confidential Information after the stated thirty (30)-day period.

(c) Prior to the disclosure of Confidential Information at any deposition, the court reporter recording the same shall be furnished with a copy of this Order by the party taking the deposition or shall otherwise be informed that testimony, exhibits, and other Confidential Information may be disclosed only in accordance with the terms of the Order. When a transcript of the testimony is prepared, the court reporter shall conspicuously mark each page on which Confidential Information appears with an appropriate legend signifying its protected status and shall place the following legend on the cover of any transcript containing Confidential Information: "This transcript contains Confidential Information subject to a Protective Order of the Court." The reporter shall treat the transcript in accordance with the terms of this Order.

10. Any person receiving Confidential Information under the terms of this Order shall make no use of the information except for purposes of the preparation for a hearing, trial, appeal or settlement of this action. No person shall make copies, extracts, or summaries of Confidential Information except under the supervision of counsel when, in the judgment of counsel, such copies or other papers are necessary for the conduct or settlement of the action. Each such copy or other paper shall be conspicuously marked with an appropriate legend signifying its status as Confidential Information. Counsel and all other persons to whom Confidential Information is disclosed pursuant to paragraphs 2 or 3, as the case may be, of this Order shall take reasonable and appropriate precautions to avoid loss or inadvertent disclosure of such materials.

11. Nothing contained in this Order shall be construed as an admission by any party that any document or information designated as "Confidential Information" is in fact confidential, propriety or a trade secret or as a waiver by either party of its right to object to the subject matter of any discovery request made in this action. The execution of this Order shall not be construed as an agreement by either party to produce any documents, supply any information, or permit entry upon land under Rule 34, Fed. R. Civ. P., and shall not constitute an admission that any evidence, including documents, which may exist is relevant in any way to the issues raised in this action or any related action or a waiver of any privilege with respect thereto.

12. This Order shall be without prejudice to the right of any party to bring before this Court at any time the question of whether any particular information is discoverable, relevant to any issue in this case, or admissible.

13. Designation by a party of information or a document as Confidential Information shall have no evidentiary significance and may not be used at a hearing or at trial for any purpose. A party's failure to object to a Producing Party's designation shall likewise have no

evidentiary significance and shall not constitute an admission that the information is confidential.

14. If a Receiving Party disagrees at any time during this action with the Producing Party's designation, such party shall notify the Producing Party in writing of its disagreement with the designation. The parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party challenging the designation may request appropriate relief from the Court pursuant to Civil Rule 37.

15. Upon final termination of this action, whether by settlement, judgment or appeal, each party shall within sixty (60) days assemble and return to the opposing party, or certify the destruction of, all documentary material or memoranda embodying information designated "Confidential Information" including all copies of such memoranda or documentary material which may have been made.

16. No later than thirty (30) days after the final termination of this action, counsel for each party shall contact the Court if they wish to retain any documents designated as Confidential Information. Otherwise, the Court will thereafter destroy any unclaimed documents so designated.

17. This Order may be extended to additional parties or nonparties by written consent of all of the parties that are signatories to this agreement.

18. This Order has no effect upon, and its scope shall not extend to, the Producing Party's use of its own Confidential Information.

IT IS SO ORDERED.

                                                                          s/Mark R. Abel
                                                                         United States Magistrate Judge

Accepted and Agreed to:

| | |
|---|---|
| */s/Blair K. Drazic* (admitted *pro hac vice*) by Sommer L. Sheely with email authority<br>Blair K. Drazic<br>2139 12th Street, Suite 8<br>Grand Junction, Colorado 81501<br>(970) 623-1193<br>(888) 858-0992 (facsimile)<br>blairdrazic@aol.com<br>*Trial Attorney for Plaintiffs* | */s/ Sommer L. Sheely*<br>Justin W. Ristau  (0075222)<br>BRICKER & ECKLER LLP<br>100 South Third Street<br>Columbus, Ohio  43215-4291<br>(614) 227-2300<br>(614) 227-2390 (facsimile)<br>jristau@bricker.com<br>*Trial Attorney for Defendant* |
| OF COUNSEL:<br>Ronald L. Burdge  (0015609)<br>2299 Miamisburg Centerville Road<br>Dayton, Ohio 45459-3817<br>(937) 432-9500<br>(937) 432-9503 (facsimile)<br>ron@ohioconsumerlaw.com | OF COUNSEL:<br>Nelson M. Reid         (0068434)<br>Sommer L. Sheely    (0076071)<br>Bricker & Eckler LLP<br>100 South Third Street<br>Columbus, Ohio 43215-4291<br>Telephone:  (614) 227-2300<br>Facsimile:  (614) 227-2390<br>Email:  nreid@bricker.com<br>            ssheely@ bricker.com |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON PARISCOFF, et al., | : | CASE NO. 2:11-cv-0258 |
| Plaintiffs, | : | Judge Graham |
| vs. | : | Magistrate Judge Abel |
| JPMORGAN CHASE BANK, N.A., | : | |
| Defendant. | | |

## **EXHIBIT A**

I, _____, hereby acknowledge and agree that I have been provided with a copy of the Stipulated Protective Order entered in the above captioned action; that I have read the Order; that I agree to be bound by its terms; and that I subject myself to the jurisdiction of the United States District Court for the Southern District of Ohio, for purposes of any action to enforce the terms of the Order.  I understand that any violation of the Stipulated Protective Order by me or anyone acting under my control or direction may subject me to sanctions imposed by the Court, including, but not limited to, penalties for contempt of court.

_____                    _____
Date                                                                                  Signature

5602432v1